UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>vs.<br><br>KHUSAR MOBLEY,<br>    Defendant. | Case No.: 12-CR-0235 YGR<br><br>**PRETRIAL ORDER AT CONCLUSION OF PRETRIAL CONFERENCE** |

Having considered the filings to date and the arguments and other submissions at the Pretrial Conference, for good cause shown the Court enters the following orders:

**1.   Trial Date and Schedule:**   The trial of this matter is **confirmed for Monday, June 17, 2013** beginning at 8:30 a.m. in Courtroom 5. Trial is estimated to last 3 court days including jury selection. Plaintiff anticipates 5 or 10 witnesses. Defense anticipates no witnesses, other than potentially the defendant. Counsel shall arrive in Court early enough to proceed with evidence by 8:30 a.m. Trial schedule will be generally as follows, Monday through Thursday, from 8:30 a.m. to 1:30 p.m. with two fifteen minute breaks.

Additional time may be scheduled for matters outside the presence of the jury as necessary and determined by the Court. Side bars are not permitted. Counsel should be prepared to anticipate issues so that they may be addressed outside of normal trial hours.

**2.   Procedural Stipulations:**  Attached hereto as Exhibit A is an outline of stipulations. To the extent agreed upon, the parties shall file said document by the Friday before the trial date.

**3.   Witnesses:** The parties are limited to calling the witnesses and those confidential informants identified to the defense who were submitted on the list filed for the Pretrial Conference. Upon a showing of good cause, including for rebuttal or impeachment purposes, additional

witnesses will be allowed only by Court order. The defense has only identified the defendant himself as a potential witness and need not determine whether his testimony will be offered until the close of the prosecution's case.

**4.** **Exhibits and Exhibit Lists:** The parties are limited to using the Exhibits submitted to the Court on the Friday before the trial date. No witness may be shown any document or other object until it has been marked for identification using an exhibit number. The parties shall meet and confer on the authenticity and the admissibility of each exhibit. The parties shall file updated Exhibit Lists identifying those for which a stipulation of admissibility exists with an "S" in the appropriate box. The jury may not be shown any exhibits until admitted into evidence or stipulated by the parties as to admissibility without the express permission of the Court.

**5.** **Motions *in Limine*:** The Court's rulings on the motions *in limine* will be provided by separate Court Order. Parties are ordered to admonish witnesses of the Court's rulings. Failure to comply with a ruling by the Court may result in sanctions, including without limitation the striking of the witness's entire testimony.

**6.** **Equipment:** Projectors, screens and similar equipment must be tested in the courtroom prior to the day when it will be used. Arrangements may be made with the Courtroom Deputy, Frances Stone, at (510) 637-3540 as to appropriate time for doing so. Marshals require a court order to allow equipment. Any party needing such an order must file a request and proposed order.

**7.** **Jurors and Peremptory Challenges:** The Court will seat a total of twelve (12) jurors and two (2) alternates. Pursuant to Rule 24 Criminal Rules of Civil Procedure, because the offense charged is punishable by imprisonment for more than one year, the government is allocated six (6) peremptory challenges and the defendant is allocated ten (10) peremptory challenges. Accordingly, peremptory challenges shall be exercised in the following sequence:

- Prosecution First
- *Defense First and Second*
- Prosecution Second
- *Defense Third and Fourth*
- Prosecution Third
- *Defense Fifth and Sixth*

- Prosecution Fourth
- *Defense Seventh and Eighth*
- Prosecution Fifth
- *Defense Ninth*
- Prosecution Sixth
- *Defense Tenth*

In addition, each party shall be allocated one additional peremptory challenge for the two alternate jurors empanelled. The additional peremptory challenges may be used against an alternate juror only. The other peremptory challenges allowed may not be used for alternate jurors.

*Batson* motions must be made in a timely fashion. Argument on the same shall be made outside the presence of the jury panel.

**8. Witnesses at Trial:** The party presenting evidence shall give all other parties 24 hours written notice of the witnesses to be called unless otherwise agreed upon by the parties themselves. The parties are admonished that use of trial time is critical given the limited resources of the Court. All parties must have witnesses ready and available to testify. If the party presenting evidence does not have a witness ready to be called once a prior witness steps down, that party may be deemed to have rested its case. Witnesses *may* be taken out of order upon stipulation or with leave of Court *provided that* the circumstances giving rise to such an accommodation are promptly called to the attention of opposing counsel and the Court.

**9. Objections:** There shall be no "speaking objections," and no response unless requested by the Court, in which case it shall be brief – e.g., "hearsay" and if a response requested, "Not offered for the truth." If either counsel needs to make a better record, he/she may do so when the jury is out at the next break.

**10. Interpreters:** If a witness requires an interpreter, counsel are advised to carefully review and be prepared to satisfy the Court that the interpreter is offered in compliance with 28 U.S.C. §§ 1827 - 1828, Fed. R. Evid. 604, Fed. R. Crim. Pro. 28, and all Local Rules.

**11. Requests for Transcripts:** If transcripts will be requested during or immediately after the trial, arrangements must be made with the Court Reporter Coordinator (Telephone No. 510-637-3534) **at least** one week prior to the commencement of the trial.

**12. Trial Decorum and Procedure:** Counsel, parties and witnesses are expected to conduct themselves at all times – on or off the record and whether or not in the presence of a jury – in a professional and courteous manner during trial. Do NOT approach other parties' witnesses without permission.

**13. Failure to Comply:** Failure to comply with the obligations set forth in this order may result in sanctions appropriate to the gravity of the failure.

**IT IS SO ORDERED.**

Date: June 7, 2013

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>vs.<br><br>**KHUSAR MOBLEY,**<br>      **Defendant.** | **Case No.: 12-CR-0235 YGR**<br><br>**PROCEDURAL STIPULATIONS**<br>**(EXH. A TO PRE-TRIAL ORDER)** |

PLEASE INITIAL AND SIGN as acceptable:

It is stipulated that the jury panel meets the general qualifications listed in 28 U.S.C. §§ 1861-1867.

    U.S. Attorney _____      For the Defendant _____

It is stipulated that the Defendant will be deemed present with counsel, and each of the jurors will be deemed present, upon reconvening after each adjournment or recess, unless the contrary is noted for the record.

    U.S. Attorney _____      For the Defendant _____

It is stipulated that the Jury Instructions and the Exhibits may go into the Jury Room during deliberations.

    U.S. Attorney _____      For the Defendant _____

It is stipulated that both Counsel and Defendant need not be present when, during jury deliberations, the jurors are excused for lunch, return for lunch, and/or are discharged in the evening and resume in the morning.

    U.S. Attorney _____      For the Defendant _____

1 It is stipulated that, during jury deliberations, the jury may recess without further admonition and
2 without assembling in the jury box, and that they may resume their deliberations upon the
3 Courtroom Deputy's determination that all jurors are present.
4     U.S. Attorney _____      For the Defendant _____

6 It is stipulated that in the absence if the trial judge, any judge of this court may receive the verdict.
7     U.S. Attorney _____      For the Defendant _____

9 (Name) _____      (Name) _____

11 _____      _____
12     Signature (Attorney for the U.S.)      Signature (Defense Attorney)